IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BURRY,<br><br>                    Plaintiff,<br><br>     v.<br><br>CACH LLC, et al.,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 14-2139 |

**OPINION**

**Slomsky, J.**                                                                                               **January 22, 2015**

**I.     INTRODUCTION**

Plaintiff Devitt Burry brought this case against Defendant CACH, LLC after Defendant, through its agent the Mandarich Law Group, LLP ("Mandarich"), accessed Plaintiff's credit report. In the Complaint, Plaintiff alleges that the manner in which Defendant CACH accessed his report amounted to "unconscionable collection activity" in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  (Doc. No. 9 at 9.)  In turn, Defendant CACH filed a Motion to Dismiss the Complaint, asserting that this Court does not have personal jurisdiction over it and that this case should be dismissed.  (Doc. No. 10.)  For reasons that follow, the Court will dismiss Plaintiff's Complaint because there is no personal jurisdiction over CACH, and will grant Plaintiff's request to transfer the case to the United States District Court for the District of Colorado.[1]

---

[1] The Court will transfer this case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1406(a), which permits a district court to transfer a case if it was filed in the wrong district. Even though this Court does not have personal jurisdiction over CACH, § 1406(a) nonetheless authorizes transfer. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (finding that "[t]he language of § 1406(a) is amply broad enough to authorize the

1

## II. FACTUAL BACKGROUND

On May 13, 2013, CACH, through its agent Mandarich, lawfully obtained Plaintiff's consumer report from TransUnion using TransUnion's website.  (Doc. No. 9 at ¶¶ 14, 17; Doc No. 10 at 7.)  CACH is a debt collector, and TransUnion is a corporation that provides credit reports to consumers.  (Doc. No. 9 at ¶ 9.)  When CACH's agent Mandarich accessed Plaintiff's consumer report from TransUnion, it caused a "hard inquiry" to be made on Plaintiff's report rather than a "soft inquiry."[2]  The decision to cause the hard inquiry was made by CACH in Colorado, the report was accessed from Mandarich's office in California, and the report from TransUnion was generated from TransUnion's consumer reporting database located in Chicago.[3]

---

transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not").

[2] A "hard inquiry" is an inquiry that occurs when a prospective lender checks your credit report to make a lending decision.  Hard inquiries can slightly lower your credit score and will typically stay on your report for two years.  A "soft inquiry" is an inquiry that occurs when a person or company checks your credit report as part of a background check.  An example of a soft inquiry is when an individual checks his/her credit score.  Soft inquiries do not affect credit scores in any way.  Jenna Lee, The Difference Between Hard and Soft Credit Inquiries, U.S. News & World Report, Personal Finance (July 24, 2014, 8:40 a.m.), http://money.usnews.com/money/blogs/my-money/2014/07/24/the-difference-between-hard-and-soft-credit-inquiries.  Plaintiff contends that CACH should have accessed the report as a "soft inquiry" instead of as a "hard inquiry," and its failure to do so was an "unconscionable collection activity" in violation of the FDCPA.  (Doc. No. 9 at ¶¶ 19-24.)

[3] Defendant CACH in its Response to Plaintiff's Reply Brief attached the case Murphy v. TransUnion, No. 12-cv-499 (E.D. Pa. Aug. 15, 2012) where TransUnion was a Defendant.  In Murphy, Judge Surrick reviewed affidavits from the parties to analyze jurisdiction and stated the following about TransUnion:

> Defendant Trans Union, LLC ("TransUnion") is a Delaware limited liability company having a principal place of business in Chicago, Illinois.  Trans Union [sic] has consumer relations facilities in Crum Lynne, Pennsylvania and in Fullerton, California.  Trans Union's [sic] consumer reporting database is located in Chicago, Illinois.

(Doc. 19, Ex. A.)  It is well-settled that in deciding a motion to dismiss, a court can review

2

(Doc. No. 15.)

For purposes of determining jurisdiction, Plaintiff is a resident of California. (Doc. No. 9 at ¶ 5.) CACH has its principal place of business in Denver, Colorado, and its agent Mandarich is located in California. (Id. at ¶ 6.) TransUnion—which is not a Defendant in this action—has its principal place of business and its consumer reporting database in Chicago, Illinois. (Doc. No. 19 at 2.) It also has a consumer relations facility in Chester, Pennsylvania, and elsewhere. (Id.) Apart from the events that occurred in Colorado, Chicago, and California, in May 2014, Plaintiff received a letter from a TransUnion office located in Chester, Pennsylvania. (Doc. No. 13-2.) The letter, which was sent a year after the alleged hard inquiry, was in response to Plaintiff's request for information about his credit report. (Id.) The letter reads:

> Thank you for contacting TransUnion. Our goal is to maintain complete and accurate information on consumer credit reports. We have provided the information below in response to your request.
>
> Re: Explanation of Different Items on Your Credit Report
>
> The inquiries listed on your credit report are a record of the companies that obtained your credit information. All inquiries remain on your credit report for two years . . . . .
>
> If you believe that an inquiry on your credit report was made without permissible purpose, then you may wish to contact the creditor directly, in writing, regarding its purpose. Please note that your specific consent to the release of your credit information is not necessary for a permissible purpose to exist.
>
> ****

(Doc. No. 13, Ex. B.) Neither CACH nor its agent Mandarich caused TransUnion to generate this letter, which, as noted, was sent a year after the hard inquiry. The letter, which was attached to Plaintiff's Response to Defendant's Motion to Dismiss, does not mention CACH or its agent

---

"documents attached to the complaint and matters of public record, and a court may take judicial notice of a prior judicial opinion." Lum v. Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Because Judge Surrick's Opinion is a prior judicial opinion, the Court will take judicial notice of it and consider it when deciding Defendant's Motion to Dismiss.

Mandarich or the hard inquiry. (Doc. No. 13, Ex. B.)

Plaintiff filed the Complaint in this matter on June 26, 2014[4] against CACH and X, Y, Z Corporations.[5] (Doc. No. 9.) CACH filed a Motion to Dismiss Plaintiff's Complaint on July 9, 2014, alleging lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and improper venue under Federal Rule of Civil Procedure Rule 12(b)(3).[6] (Doc. No. 10.) Plaintiff filed a Response in Opposition to the Motion to Dismiss on July 30, 2014, and with the Court's permission another Brief on December 9, 2014. (Docs. No. 13, 18.) CACH filed a Response to this Brief on December 18, 2014. (Doc. No. 19.)

## III.  LEGAL STANDARD

Plaintiff bears the burden of establishing with reasonable particularity that personal jurisdiction exists when confronted with a motion to dismiss based on a lack of personal jurisdiction. Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001). While a plaintiff generally must prove personal jurisdiction by a preponderance of the evidence, where the motion

---

[4] This matter was originally commenced by Plaintiff when a Writ of Summons was filed on August 7, 2013 in the Court of Common Pleas of Delaware County, Pennsylvania in the case Devin Burry v. Law Offices of Ed Overcash, LLC, et al., No. 13-7783. After taking no action on the outstanding Summons for about two months, Plaintiff filed on January 2, 2014 a Praecipe to Reinstate the Writ of Summons. Thereafter, Plaintiff filed a Praecipe to Amend the Writ of Summons in order to reflect Plaintiff's name as "Devitt Burry," not "Devin Burry." Plaintiff served the Amended Writ of Summons on CACH on March 18, 2014. (Doc. No. 10 at 1, 2.) CACH then removed the case to this Court based on federal question jurisdiction. On June 26, 2014, the Court dismissed the Law Offices of Ed Overcash as a Defendant and permitted Plaintiff to file the Complaint which is the only Complaint presently at issue. (Doc. No. 9.)

[5] Plaintiff has not supplied the names of the "X, Y, Z Corporations" to date. In the Complaint, Plaintiff has only complained about the actions of Defendant CACH, not any actions of "X, Y, Z Corporations."

[6] CACH filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2)—lack of personal jurisdiction, and Federal Rule of Civil Procedure Rule (12)(b)(3)—improper venue. Since the Court is granting CACH's Motion based on lack of personal jurisdiction, it will not analyze CACH's Motion under Rule 12(b)(3).

can be decided without a hearing, plaintiff need only establish a prima facie case of personal jurisdiction. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).

Plaintiff's burden in defending against a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction requires more than relying on the pleadings alone. This would be permissible, for example, when a motion to dismiss pursuant to Rule 12(b)(6) is filed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). After acknowledging the procedural distinctions between a Rule 12(b)(6) motion and a Rule 12(b)(2) motion, the Third Circuit explained:

> A rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 102 n.6 (3d Cir. 2004) (quoting Patterson v. FBI, 893 F.3d 595, 603-04 (3d Cir. 1990)).

**IV.　ANALYSIS**

A federal court has personal jurisdiction under Federal Rule of Civil Procedure 4(k) "over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Provident Nat'l Bank v. Calif. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Pennsylvania, where this Court sits, provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States." 42 Pa. C. S. A. § 5322(b).

The Constitution and specifically the Due Process Clause of the Fourteenth Amendment require that nonresident defendants have "certain minimum contacts with [the forum state]" so

that defending a suit in the forum state "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). This principal is based on the notion that a defendant will have "fair warning" that it may be subject to a suit in a state where it has minimum contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Courts have determined that two types of jurisdiction exist that satisfy the requirements of the Fourteenth Amendment—general jurisdiction and specific jurisdiction. Here, Plaintiff has failed to establish that this Court has either general or specific jurisdiction over Defendant CACH.

### A. CACH Is Not Subject to the General Jurisdiction of this Court

Plaintiff here has failed to establish that CACH is subject to the general jurisdiction of this Court. General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. Marten v. Goodwin, 499 F.3d 290, 296 (3d Cir. 2007). If a party is subject to general jurisdiction, that party can be called to answer any claim made against it in that state, regardless of whether the subject matter of the cause of action has any connection to the forum. Mellon Bank (East) PSFS, Nat.'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992). In order to establish general jurisdiction, a plaintiff must provide facts alleged to show systematic and continuous contacts in the forum state that are "extensive and persuasive." Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1987). The standard for general jurisdiction is "not an easy one to meet." Surgical Laser Techs., Inc. v. C.R. Bard, Inc., 921 F. Supp. 281, 384 (E.D. Pa. 1996).

With respect to general jurisdiction over corporate defendants, a court may consider whether the defendant: (1) is incorporated or licensed to do business in the state; (2) has ever filed any tax returns in the state; (3) files administrative reports with any agency or department of

the state; (4) regularly purchases products or supplies within the state for use in its business outside the state; (5) owns land or property within the state; (6) advertises in the state; and (7) maintains an agent in the state.  Rocke v. Pebble Beach Co., 12-cv-3372, 2014 WL 1725366, at *3 (E.D. Pa. April 29, 2014).

In support of general jurisdiction over CACH, Plaintiff contends that since 2006 CACH has filed "hundreds of cases . . . for the purpose of debt collection against individuals located in Pennsylvania."  (Doc. No. 13.)  As evidence of the filing of these cases, a printout from the Montgomery County Prothonotary's website that lists these cases has been attached to Plaintiff's Response to the Motion to Dismiss.  (Id.)  The printout includes the case docket number, the defendant's name, the plaintiff's name, the filing date, whether the case is civil or criminal, and the status of the case.  (Doc. No. 13-1.)  The printout does not include a description of the cases or the reason for their filing.  No specific evidence has been offered by Plaintiff to support his assertion that the cases were filed for debt collection purposes.

Plaintiff has not provided evidence to show that CACH satisfies a single factor of the seven outlined in Rocke for determining general jurisdiction over corporate defendants. Regarding the first factor, CACH is neither incorporated in Pennsylvania, nor does it have a principal place of business in Pennsylvania.  See Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) (reasoning that petitioner corporation was not subject to general jurisdiction in California because, among other reasons, it was neither incorporated in California, nor did it have a principal place of business there).  As for the balance of the factors, Plaintiff has not included affidavits or evidence to show that CACH has ever filed tax returns in Pennsylvania, has filed administrative reports with an agency in Pennsylvania, regularly purchases products in Pennsylvania for use in its business, owns land in Pennsylvania, advertises in Pennsylvania, or

maintains an agent in Pennsylvania. See Rocke, 2014 WL 1725366, at *3.

Moreover, while the Court will assume that CACH has engaged in litigation in Pennsylvania, Plaintiff has not provided "extensive and persuasive" facts that convince the Court that CACH is "at home" in Pennsylvania, an underpinning of general jurisdiction. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").

As noted, Plaintiff relies upon the numerous lawsuits CACH has filed in Pennsylvania to show systematic and continuous contacts with this Commonwealth. But the forum where a plaintiff files a lawsuit depends primarily on where the injury occurred and where the defendant has contacts. A plaintiff is bound by the rules regarding personal jurisdiction when choosing a forum. The cases CACH has filed as a plaintiff in Pennsylvania were out of necessity to ensure personal jurisdiction over the defendants rather than purely as a "profit-making activity" as Plaintiff contends. The mere filing of these lawsuits is not sufficient evidence that CACH is "at home" in Pennsylvania.

The Court is not persuaded that CACH's litigation in Pennsylvania is evidence of systematic and continuous contacts which would give rise to an inference that it regarded Pennsylvania as its home state. Therefore, for the reasons described above, Plaintiff has failed to sustain its burden to establish that CACH is subject to general jurisdiction in Pennsylvania.

    **B.**    **CACH Is Not Subject to Specific Jurisdiction in Pennsylvania**

Plaintiff has similarly failed to show that the Court has specific jurisdiction over CACH in this case. Specific jurisdiction exists when the claim arises from or relates to a defendant's

conduct purposely directed at the forum state. Marten, 499 F.3d at 296. The Third Circuit requires that a plaintiff satisfy the following three criteria to establish specific jurisdiction: (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) if the first two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comports with fair play and substantial justice." D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009).

### 1. CACH purposefully directed activities at Pennsylvania

The first prong of the specific jurisdiction test asks whether a defendant has "purposefully availed itself of the privilege of conducting activities within the forum," thus invoking the benefits and protections of its laws. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (quoting Hanson v. Denckla, 357 U.S. 325, 353 (1958)). While physical entrance in the forum state by a defendant is not required, a deliberate targeting of the forum is necessary. Id. The jurisdictional nexus must also be the result of intentional conduct by the defendant and not merely "random, fortuitous, or attenuated" contacts. BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000).

Here, CACH's filing of lawsuits in Pennsylvania is enough to satisfy the purposeful availment inquiry. CACH invoked the benefits of Pennsylvania's laws through its access of the Pennsylvania judicial system. CACH's contacts with this forum are intentional, not random, or attenuated. Thus, Plaintiff has satisfied the first prong of the specific jurisdiction inquiry.

### 2. Plaintiff's claim does not arise from or relate to CACH's contacts

The second prong of the Third Circuit's specific jurisdiction test zeroes in on whether the litigation "arise[s] from or relate[s] to" the activities discussed in the first prong. Int'l Shoe, 326

9

U.S. at 319. The Third Circuit has not settled on a rule to test for "relatedness," but advises that a relatedness inquiry should begin with a test for "but-for" causation. See O'Connor, 496 F.3d at 322; Colvin v. Van Wormer Resorts, Inc., 417 F. App'x 183, 187 (3d Cir. 2011). The inquiry does not end there, however, because "specific jurisdiction requires a closer and more direct causal connection than that provided by the 'but-for test.'" O'Connor, 496 F.3d at 323.

As directed by the Third Circuit, the Court will begin by determining whether CACH's contacts with Pennsylvania were the but-for cause of Plaintiff's injury. Because the relatedness prong requires a "closer and more direct causal connection than the . . . 'but-for test,'" Plaintiff must at least satisfy this standard. The but-for test is satisfied when a "plaintiff's claim would not have arisen in the absence of [] defendant's contacts." O'Connor, 496 F.3d at 319.

In O'Connor, the Third Circuit found the but-for test was satisfied based on the nature of plaintiff's injury and defendant's contacts with Pennsylvania. Plaintiff injured his shoulder when he slipped and fell after receiving a massage treatment at defendant's hotel in Barbados. O'Connor, 496 F.3d at 315. Plaintiff had booked the massage on the phone with defendant's representative after plaintiff and his wife received newsletters and a spa brochure from the hotel. Id. at 316. The court determined that defendant had purposefully availed itself of the privilege of doing business in Pennsylvania. Defendant had "reached into Pennsylvania to target two of its citizens" through its mailings and phone calls to plaintiff and his wife. Id. at 318. Thus, the first prong of the specific jurisdiction test was satisfied.

The court also found that defendant's contacts were the but-for cause of plaintiff's injury. Id. at 323. The court explained that plaintiff would not have purchased a massage, and thus would not have suffered a massage-related injury, absent defendant's solicitation of plaintiff and his wife. Id.

In the instant case, Plaintiff has failed to make a prima facie showing that CACH's contacts with Pennsylvania were the but-for cause of Plaintiff's injury. CACH's contacts with Pennsylvania result from filing lawsuits in Pennsylvania state court. Unlike the injury that occurred in O'Connor, which was a direct result of defendant's solicitation of plaintiff, this FDCPA litigation is unrelated to CACH's court filings. Rather, Plaintiff has alleged here that his injury resulted from CACH's access to Plaintiff's TransUnion report from Mandarich's computer in California. (Doc. No. 9 at ¶¶ 14, 17; Doc No. 10 at 7.) Plaintiff cannot claim, nor does he allege anywhere in his filings in this case, that Plaintiff's injury, which was caused by CACH or its agent's "hard inquiry" of his credit report, would not have arisen but for CACH filing lawsuits filed in Pennsylvania.[7] CACH's lawsuits in Pennsylvania are unrelated to the "hard inquiry" by

---

[7] Plaintiff, in his Reply Brief, relies on the case Smith v. Ed Overcash, et al., 14-cv-04368 (E.D. Pa. Oct. 17, 2014) to support a finding that personal jurisdiction is appropriate in this case. Plaintiff's counsel here is also plaintiff's counsel in Smith. In Smith, the court was faced with the exact issue presently before this Court and almost identical facts. Specifically, plaintiff in Smith argued, like here, that CACH's lawsuit filings in Pennsylvania amounted to continuous and systematic contacts to support a finding of general jurisdiction. The court found, like this Court, that it did not have general jurisdiction over CACH because plaintiff had failed to "allege facts sufficient to find that [CACH] is 'at home' in Pennsylvania." (Id. at 4.) With regard to specific jurisdiction, the court found also like this Court that plaintiff had satisfied the first prong of the test because CACH had "availed itself of [Pennsylvania] state's laws by its frequent use of the Commonwealth's judicial system." (Id. at 5.) On the second prong, the court stated that CACH's contact with TransUnion in Pennsylvania led to plaintiff's injury and thus specific jurisdiction was appropriate. (Id. at 6.)

We depart from the Smith court's finding on the second prong for two reasons. First, Plaintiff has not provided any support to show that CACH contacted a TransUnion office in Pennsylvania. Plaintiff has only submitted a form letter that was sent from a consumer relations facility of TransUnion located in Chester, Pennsylvania in response to Plaintiff's request for information. The evidence shows that CACH accessed Plaintiff's TransUnion report from Mandarich's computer in California and dealt exclusively with TransUnion's website. Second, we disagree that Plaintiff's injury was the result of any contact with a Pennsylvania office. Plaintiff's injury occurred the moment that CACH caused a "hard inquiry" to appear on Plaintiff's report. This transpired in Colorado where CACH decided to make the hard inquiry, and in California where the inquiry was made by Mandarich.

CACH's agent that occurred in California, and Plaintiff has failed to demonstrate a strong enough connection between CACH's contacts with Pennsylvania and his injury from the "hard inquiry" to support specific jurisdiction.[8]

Therefore, since Plaintiff cannot even satisfy the but-for test to show relatedness, he has failed to establish that the injury here arose from or relates to CACH's minimum contacts with Pennsylvania.

### 3. Fairness prong will not be addressed

Because Plaintiff has failed to satisfy the burden of establishing the second component of specific jurisdiction, the fairness element need not be addressed because specific jurisdiction does not exist. Rivera v. Bally's Park Place, Inc., 798 F. Supp. 2d 611, 618 (E.D. Pa. 2011).

In sum, Plaintiff has not pled facts sufficient to establish either general or specific jurisdiction. CACH's activities in Pennsylvania—filing lawsuits in Pennsylvania state court— are unrelated to Plaintiff's injury caused by the manner in which CACH's agent accessed his consumer report from a computer in California. This Court cannot exercise personal jurisdiction

---

Finally, we note that the decision in Smith did not analyze whether CACH's contacts with Pennsylvania were the but-for cause of the injury at issue. As noted above, Plaintiff has failed to make such a showing.

[8] Plaintiff relies on the letter he received from a TransUnion office in Chester, Pennsylvania as evidence that CACH's acts occurred in Pennsylvania, and that Plaintiff was injured in Pennsylvania. (Doc. No. 13 at 2, 4.) This argument is belied by the content of the letter. The letter was sent in May of 2014, one year after the events at issue occurred. The letter makes no reference to CACH, nor does it discuss the hard inquiry.

Moreover, TransUnion's consumer reporting database is located in Chicago, Illinois. CACH decided to cause the hard inquiry from its office in Colorado. The report was accessed from Mandarich's computer in California. The hard inquiry was processed using TransUnion's database in Chicago. Therefore, none of the events at issue in this case transpired in Pennsylvania. See Laughlin v. Perot, No. CA 3-95-CV-2577-R, 1997 WL 135676, at *7 (N.D. Tex. Mar. 12, 1997) (noting that if defendant's access of plaintiff's consumer report were a tort, that tort would have taken place in California, the location where defendant accessed the report).

over CACH based on the facts pled by Plaintiff.

## V. CONCLUSION

For the foregoing reasons, Defendant CACH's Motion to Dismiss for Lack of Personal Jurisdiction will be granted, and pursuant to 28 U.S.C. § 1406(a), the Court will transfer the case to the United States District Court for the District of Colorado, where Defendant CACH has its principal place of business. An appropriate Order follows.